SDG/2022R00566

**FILED**

OCT 24 2024

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

AT 8:30 2:20 P M
CLERK, U.S. DISTRICT COURT - DNJ

lm

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. (BRM) |
| v. | : | Crim. No. 24-712 |
| CHRISTOPHER J. GALLO and MEHMET ALI ELMAS | : | Count One<br>18 U.S.C. § 1349<br>(Bank Fraud Conspiracy) |
| | : | Counts Two through Nine<br>18 U.S.C. § 1344<br>18 U.S.C. § 2<br>(Bank Fraud) |
| | : | Counts Ten through Seventeen<br>18 U.S.C. § 1014<br>18 U.S.C. § 2<br>(False Statement to a Financial Institution) |
| | : | Count Eighteen<br>18 U.S.C. § 1028A(a)(1)<br>18 U.S.C. § 2<br>(Aggravated Identity Theft) |

## **INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

### COUNT ONE
### (Conspiracy to Commit Bank Fraud)

1. At all times relevant to this Indictment:

#### The Defendants

a. Defendant CHRISTOPHER J. GALLO ("GALLO") was a New Jersey resident and New Jersey-licensed mortgage loan originator. GALLO was

employed as a senior loan officer at a New Jersey-based, privately owned, licensed mortgage broker ("Financial Instituion-1").

      b.    Defendant MEHMET ALI ELMAS ("ELMAS") resided in the District of New Jersey and then Istanbul, Turkey and was employed as a loan officer and assistant to GALLO at Financial Instituion-1.

### Other Relevant Individuals and Entities

      c.    Financial Instituion-1 was a "financial institution" as defined in Title 18, United States Code, Section 20.

      d.    "Individual-1" was an employee at Financial Institution-1.

      e.    "Property-1" was a condominium complex located in North Bergen, New Jersey.

      f.    "Victim Property Manager" was Property-1's property manager.

      g.    "Property-2" was a condominium complex located in Secaucus, New Jersey.

      h.    "Property-3" was located in Hoboken, New Jersey.

      i.    "Property-4" was located in Orange, New Jersey.

      j.    "Property-5" was located in Northvale, New Jersey.

      k.    "Property-6" was located in East Brunswick, New Jersey.

      l.    "Property-7" was located in Paramus, New Jersey.

      m.    "Property-8" was located in Jersey City, New Jersey.

### The Mortgage Lending Process

      n.    Financial institutions, as defined in Title 18, United States Code,

Section 20, fund mortgage loans in connection with the purchase of residential properties.

   o. Prospective borrowers apply for mortgage loans and submit various types of documentation to demonstrate their eligibility for the loans. When completing a mortgage loan application, a prospective borrower ordinarily must provide material information about the applicant's employment, income, assets, liabilities, cash of the prospective borrower available at settlement, and other eligibility requirements. Financial institutions may provide funds directly to the applicant through their own loan officers or use mortgage brokers who match borrowers to lenders.

   p. Typically, mortgage brokers employ loan officers who lead teams of employees who work together to take applications and process loans to facilitate mortgage loan origination.

   q. When making lending decisions, financial institutions are influenced by the information mortgage brokers submit and expect that the information is true, accurate, and complete. Mortgage brokers make commissions from mortgage loans they successfully broker.

   r. If a prospective borrower meets a financial institution's lending requirements, the financial institution funds the mortgage loan by causing a transfer of funds from the financial institution to a settlement agent, such as a title company or closing attorney.

## The Conspiracy

2. From at least in or around 2018 through in or around October 2023, in the District of New Jersey, and elsewhere, the defendants,

CHRISTOPHER J. GALLO and
MEHMET ALI ELMAS,

did knowingly and willfully combine, conspire, confederate, and agree with each other and others, to commit bank fraud, that is, to knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud financial institutions, as defined in Title 18, United States Code, Section 20, including Financial Insitution-1, whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, assets and other property owned by, and under the custody and control of such financial institutions, by means of materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Sections 1344 (1) and (2).

## Goal of the Conspiracy

3. The goal of the conspiracy was for GALLO, ELMAS, and others to enrich themselves by deceiving mortgage lenders based on false and fraudulent pretenses, representations, and promises to facilitate mortgage loan origination.

## Manner and Means of the Conspiracy

4. It was a part of the conspiracy that:

   a. GALLO, ELMAS, and others worked on "Team GALLO" at Financial Institution-1. GALLO led Team GALLO and was the senior loan officer responsible for mortgage loan origination.

4

b.  At any given time throughout the conspiracy, approximately five employees worked as loan processors on Team GALLO, under GALLO's supervision.

c.  From in or around 2018 through in or around October 2023, GALLO, with the help of Team GALLO, originated more than $3 billion in loans for Financial Institution-1.

d.  GALLO and ELMAS earned commissions based on the total value of each loan they originated.

e.  GALLO, ELMAS, and others used their positions at Financial Institution-1 to prepare and cause to be prepared false and fraudulent loan applications—including loan applications associated with Property-1, Property-2, Property-3, Property-4, Property-5, Property-6, Property-7, and Property-8 (together, the "Properties")—by forging and falsifying loan origination documents sent to mortgage lenders located in New Jersey and elsewhere to obtain mortgage loans based on those false and fraudulent pretenses, representations, and promises.

f.  Often at GALLO's instruction, ELMAS and others gathered prospective borrowers' documents and information for loan files, which GALLO and ELMAS, together and separately, altered and falsified, and caused to be altered and falsified, to facilitate loan approvals.

g.  GALLO and ELMAS did this for multiple prospective borrowers' loan files, including the loan files associated with the Properties, by, among other things, falsifying supporting documents that they received and creating fraudulent documents.

h.  GALLO and ELMAS regularly circulated the fraudulent documents between and among each other and others at Financial Institution-1 to further the scheme and facilitate loan approval.

i.  GALLO and ELMAS misled mortgage lenders about the intended use of particular properties to fraudulently secure lower mortgage interest rates from mortgage lenders, including Financial Institution-1. Specifically:

    i.  GALLO and ELMAS submitted and caused to be submitted loan applications falsely stating that the listed borrowers were the primary residents of certain proprieties when, in fact, those properties were intended to be used and were used as rental or investment properties.

    ii.  Those misrepresentations materially affected the interest rates the mortgage lenders offered on the mortgage loans for those properties because lenders typically charged higher rates on residences that were not owner-occupied due to risks associated with investment properties. By contrast, when a home was owner-occupied, lenders typically offered lower mortgage rates, more favorable terms, and less stringent approval qualifications.

    iii.  By fraudulently misleading mortgage lenders about the intended use of the properties, GALLO and ELMAS secured

and profited from mortgage loans that were approved at lower rates.

j. In other instances, GALLO and ELMAS caused documents to be forged and falsified to secure and profit from mortgage loans that would have otherwise not qualified for approval. In particular, GALLO and ELMAS falsified and caused to be falsified property records, including building safety information and prospective borrowers' financial information, to facilitate mortgage loan approval. Often, the prospective borrowers did not know that their information was being falsified to facilitate loan approval. For example:

    i. To facilitate approval of the mortgage loan for Property-1, GALLO and ELMAS submitted to Financial Institution-1 a letter (the "Forged Letter") purportedly written by the Victim Property Manager. Individual-1 had previously rejected the mortgage application for Property-1 because Property-1, a condominium, was in the process of conducting repairs on Property-1's balconies. ELMAS asked Individual-1 to obtain a letter from Property-1 representatives stating that the balconies were safe to be used. Property-1 representatives refused to provide the letter and advised that repairs were underway and would continue through in or around 2023.

    ii. GALLO and ELMAS were both copied on emails that stated Property-1 representatives would not provide the requested

        letter. Nonetheless, without informing Individual-1 or Property-1 representatives, GALLO and ELMAS subsequently agreed to create and did create the Forged Letter, which they caused to be submitted to Financial Institution-1 to facilitate approval of the mortgage loan for Property-1.

iii. The Forged Letter was on Property-1 letterhead, contained the Victim Property Manager's electronic signature, and attested to the safety of the balconies at Property-1. In reality, the Forged Letter was fraudulent—the Victim Property Manager never drafted or issued the Forged Letter to GALLO or ELMAS.

iv. GALLO sent the Forged Letter to ELMAS to include as part of the loan application package for Property-1, which ELMAS caused to be submitted to Financial Institution-1 on or about August 9, 2022.

v. On or about August 18, 2022, the mortgage loan for Property-1 was approved and was funded by Financial Institution-1.

In violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH NINE
### (Bank Fraud)

1. Paragraphs 1, 3, and 4 of Count One of this Indictment are realleged here.

2. On or about the dates indicated in the table below, in the District of New Jersey and elsewhere, the defendants,

CHRISTOPHER J. GALLO and<br>
MEHMET ALI ELMAS,

did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud Financial Institution-1, a financial institution as defined by Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain any of the monies, funds, credits, assets, securities, or other property owned by, or under the custody or control of, Financial Institution-1, by means of materially false and fraudulent pretenses, representations and promises, each constituting a separate count of this Indictment as to the defendant(s) specified for each count:

| Count | Defendant(s) | Property | Approximate Date and Summary of Misrepresentation(s) | Approximate Date Loan Funded |
|---|---|---|---|---|
| 2 | GALLO and ELMAS | Property-1 | August 9, 2022; Fraudulent letter falsifying building safety information | August 18, 2022 |
| 3 | GALLO and ELMAS | Property-2 | August 4, 2022; Forged budget claiming requisite capital reserve for loan approval | August 18, 2022 |
| 4 | GALLO and ELMAS | Property-3 | August 18, 2021; Altered borrower's need to purchase additional flood | August 27, 2021 |

| | | | | |
|---|---|---|---|---|
| | | | insurance | |
| 5 | GALLO | Property-4 | December 15, 2022; Fraudulent gift letter | January 9, 2023 |
| 6 | GALLO ELMAS | Property-5 | July 27, 2022; Altered borrower's credit card statement | August 3, 2022 |
| 7 | GALLO and ELMAS | Property-6 | August 9, 2022; Altered lender questionnaire | August 23, 2022 |
| 8 | ELMAS | Property-7 | September 6, 2019; Mispresented owner's occupancy status | August 19, 2019 |
| 9 | ELMAS | Property-8 | September 7, 2022; Forged budget claiming requisite capital reserve for loan approval | September 9, 2022 |

In violation of Title 18, United States Code, Sections 1344(1) and (2), and Section 2.

## COUNTS TEN THROUGH SEVENTEEN
### (False Statement to a Financial Institution)

1. Paragraphs 1, 3, and 4 of Count One and the table in paragraph 2 of Count Two of this Indictment are realleged here.

2. On or about the dates indicated in the table below, in the District of New Jersey and elsewhere, the defendants,

CHRISTOPHER J. GALLO and<br>
MEHMET ALI ELMAS,

knowingly made and caused to be made false statements, that is, false and fraudulent statements made as part of mortgage loan applications, to Financial Institution-1, for the purpose of influencing in any way the actions of Financial Institution-1 in deciding whether to approve mortgage loans for the real properties identified in the table below, when in truth and in fact, the defendants knew them to be false, each constituting a separate count of this Indictment as to the defendant(s) specified for each count:

| Count | Defendant(s) | Property | Approximate Date |
|---|---|---|---|
| 10 | GALLO and ELMAS | Property-1 | August 18, 2022 |
| 11 | GALLO and ELMAS | Property-2 | August 18, 2022 |
| 12 | GALLO and ELMAS | Property-3 | August 27, 2021 |
| 13 | GALLO | Property-4 | January 9, 2023 |
| 14 | GALLO and ELMAS | Property-5 | August 3, 2022 |
| 15 | GALLO and ELMAS | Property-6 | August 23, 2022 |
| 16 | ELMAS | Property-7 | August 19, 2019 |
| 17 | ELMAS | Property-8 | September 9, 2022 |

In violation of Title 18, United States Code, Section 1014 and Section 2.

## COUNT EIGHTEEN
### (Aggravated Identity Theft)

1.  Paragraphs 1, 3, and 4 of Count One of this Indictment are realleged here.

2.  On or about August 9, 2022, in the District of New Jersey and elsewhere, the defendants,

> CHRISTOPHER J. GALLO and
> MEHMET ALI ELMAS,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, namely, the name, title, and electronic signature of the Victim Property Manager, during and in relation to a felony violation of a provision contained in Chapter 63 of the United States Code, that is, conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, as charged in Count One of this Indictment, knowing that the means of identification belonged to another actual person.

In violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

## FORFEITURE ALLEGATION AS TO COUNTS ONE THROUGH SEVENTEEN

Upon conviction of the offenses charged in Counts One through Seventeen of this Indictment, the defendants charged in each respective count shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds each defendant obtained directly or indirectly as a result of such offenses.

### Substitute Assets Provision

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described above.

A True Bill,

███████████████

Foreperson

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: 24-712(BRM)

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**CHRISTOPHER J. GALLO and MEHMET A. ELMAS**

## INDICTMENT FOR

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1014
18 U.S.C. § 1028A
18 U.S.C. § 2

A True Bill.



Foreperson

**PHILIP R. SELLINGER**
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

SHONTAE D. GRAY
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-297-2071

USA-48AD 8
(Ed. 1/97)